IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02661-PAB-MJW

GERALDINE L. BETTIS,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,

Defendant.

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Docket No. 14)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Philip A. Brimmer on November 16, 2009. (Docket No. 2).

On November 13, 2009, the pro se plaintiff, Geraldine L. Bettis, filed her Title VII Complaint (Docket No. 1) in which the City and County of Denver is named as the sole defendant. Plaintiff appears to raise claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, as well as 42 U.S.C. § 1981. Plaintiff alleges the following in that pleading. She filed a charge of discrimination with the EEOC or other appropriate agency on August 14, 2007, regarding the alleged discriminatory conduct by the defendant. She received from the EEOC or other appropriate agency a Notice of Right to Sue the

Defendant on August 13, 2009. Defendant discriminated against her because of age, race, color, harassment, retaliation, hostile environment, failure to move supervisor or employee from hostile work environment, and demeaning comments. She seeks $5 million in compensatory damages. Plaintiff attached to her Complaint a copy of the EEOC Charge of Discrimination, the EEOC Intake Questionnaire, and the EEOC Dismissal and Notice of Rights form. In her Charge of Discrimination and the Intake Questionnaire, plaintiff named the Denver Department of Human Services ("DDHS"), not the City and County of Denver, as the respondent.

Now before the court for a report and recommendation is the Defendant's Motion to Dismiss and Brief in Support Thereof (Docket No. 14), to which plaintiff filed a response (Docket No. 18), and the defendant filed a reply (Docket No. 24). The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and Case Law and the court's file. The court now being fully informed makes the following findings, conclusions, and recommendation that the motion to dismiss be granted.

Defendant seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: (1) the Complaint was filed outside the statutes of limitations for Title VII, ADA, and ADEA claims; (2) the Complaint is impermissibly brought against the City and County of Denver; (3) the scope of the Complaint impermissibly exceeds the scope of the plaintiff's Charge of Discrimination because it adds color as a basis which was not alleged in her Charge; (4) the claim brought pursuant to 42 U.S.C. § 1981 must be dismissed because DDHS is an arm of the state and thus is immune under the Eleventh Amendment; (5) the § 1981 claim must also be

dismissed because defendant's alleged actions were not taken pursuant to a policy or custom; and (6) plaintiff's allegations are not of an "adverse action."

Rule 12(b)(1):

> empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A

complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, her pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements.

. . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

**Proper Defendant**

One of the bases for defendant's dismissal motion is its contention that the Complaint is impermissibly brought against the City and County of Denver. Plaintiff has not brought this civil action against "the respondent" named in her Charge of Discrimination, contrary to 42 U.S.C. § 2000e-5(f)(1), section 706(f)(1) of Title VII, and Section 107(a) of the ADA. Defendant asserts that the DDHS is a separately suable entity and notes that the Charge of Discrimination and the plaintiff's EEOC Intake Questionnair concern only the alleged actions of the DDHS. Furthermore, defense counsel represents to the court in the defendant's motion (Docket No. 14 at 5-6) that she conferred with the plaintiff, requesting that the City and County of Denver be dismissed and that DDHS be substituted as the defendant. Plaintiff, however, purportedly has not responded to that request.

The Complaint could be amended easily to join or substitute the DDHS as a party defendant. Nevertheless, as found below, the plaintiff's ADA, ADEA, and Title VII claims are time-barred, and the DDHS would be immune from suit on plaintiff's § 1981 claim. Therefore, such substitution or joinder would be futile.

**Statute of Limitations**

Defendant asserts that the Complaint was filed outside the statutes of limitations for Title VII, ADA, and ADEA claims. In her response, plaintiff does not address this argument other than to detail how she effected service and to mention that the statute of

limitations for her § 1981 claim is four years. Defendant, however, has not raised an issue about service and has not argued that the § 1981 claim is time-barred.

"A plaintiff asserting a claim under the ADEA, the ADA, or Title VII must file suit within **90 days** after **receiving** a right-to-sue letter from the EEOC." Robinson v. Dean Foods Co., 2009 WL 723329, *2 (D. Colo. Mar. 18, 2009) (emphasis added) (citing 29 U. S. C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000e-5(f)(1) (Title VII)). Here, defendant correctly asserts that the plaintiff filed her Complaint outside of such 90-day statute of limitations. Plaintiff avers in her Complaint that she received from the EEOC or other appropriate agency a Notice of Right to Sue the Defendant on August 13, 2009. (Docket No. 1 at ). Nevertheless, her pleading was not filed until **92 days** later on November 13, 2009. Plaintiff has provided no basis for tolling the limitations period. "The ninety-day time limit is strictly administered." Saldana v. Atlas Pac. Eng'g Co., 2009 WL 1965492, *4 (D. Colo. July 8, 2009). Therefore, plaintiff's claims brought under the ADEA, ADA, and Title VII are time-barred and should be dismissed.

**Section 1981 Claim**

In her form Title VII Complaint, plaintiff completed paragraph six, which states, "Jurisdiction is also asserted pursuant to the following statutory authority," by filling in "42 USC (1981) Civil Rights act of 1866." (Docket No. 1 at 1, ¶ 6). Defendant asserts that plaintiff's § 1981 claim must also be dismissed because (1) the DDHS, as an arm of the state, is immune under the Eleventh Amendment from such claim, and (2) defendant's alleged actions were not taken pursuant to a policy or custom.

An assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the court. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). Here, this court agrees with the defendant that the plaintiff's § 1981 claim should be dismissed pursuant to the Eleventh Amendment. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. To assert Eleventh Amendment immunity, a defendant must qualify as a state or an "arm" of a state." Id. "[T]he arm-of-the-state doctrine bestows [Eleventh Amendment sovereign] immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." Sturdevant v. Paulsen, 218 F.3d 1160, 1164 (10th Cir. 2000). "Colorado county human services departments are arms of the state." Jackson v. City and County of Denver, 628 F. Supp.2d 1275, 1285 (D. Colo. 2008) (citing Freeman v. White, 2006 WL 2793139, at *8-9 (D. Colo. Sept 28, 2006) ("DDHS is in all cases an arm of the state for purposes of Eleventh Amendment immunity."). See § 26-1-118(1), C.R.S. ("The county departments [of Human Services] or other state designated agencies, where applicable, shall serve as agents of the state department and shall be charged with administration of public assistance and welfare and related activities in the respective counties in accordance with the rules and regulations of the state department."). Plaintiff does not allege in her Complaint nor is there any other indication in the record that the State waived its Eleventh Amendment immunity in this case. See Griess v. State of Colo., 841 F.2d 1042 (10th Cir. 1988). This court thus finds that plaintiff's § 1981 claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See Freeman v. White, 2006 WL 2793139, at *8-9 (D. Colo. Sept 28, 2006) ("DDHS is entitled to Eleventh Amendment immunity."); Smith

v. Plati, 56 F. Supp.2d 1195, 1200-01 (D. Colo. 1999) (The Eleventh Amendment provides absolute immunity regardless of the nature of the relief sought.), aff'd, 258 F.3d 1167 (10th Cir. 2001), cert. denied, 537 U.S. 823 (2002).

Based upon the findings above, and in the interest of judicial economy, the court will not address the defendant's alternate bases for dismissal.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant's Motion to Dismiss (Docket No. 14) be granted and that the Complaint be dismissed.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 8, 2010                                 s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                                  United States Magistrate Judge